**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-726-RBJ

LAFONDFX, INC.,

       Plaintiff,

v.

STEVE KOPELMAN and ROB ZOMBIE'S GREAT AMERICAN NIGHTMARE d/b/a HAUNT HOLDINGS,

       Defendants.

**DEFENDANT'S MOTION TO STAY JUDGMENT
AND REQUEST FOR EXPEDITED DETERMINATION**

Defendant Steven Kopelman, through his counsel, and pursuant to Fed.R.Civ.P. 62(b)(3), submits this Motion to Stay Judgment and Request for Expedited Determination. Mr. Kopelman requests the Court to stay all execution or other enforcement of the Final Judgment entered on June 26, 2017 ("Judgment"), pending resolution of Mr. Kopelman's Motion to Amend Judgment, which is being filed concurrently with this Motion.

**Certificate of Conferral:** Plaintiff's counsel have been consulted regarding this Motion. Plaintiff opposes the relief requested.

Mr. Kopelman's Motion to Amend Judgment is brought under Fed.R.Civ.P. 59(e). It requests the Court to vacate the Judgment and: (a) enter judgment in favor of Mr. Kopelman on all claims and counterclaims, award him $1 in nominal damages on his counterclaim, and award him an appropriate amount of his attorney's fees and costs as a sanction for Plaintiff's fraud upon the Court; (b) vacate the temporary restraining order

entered by the Superior Court for Maricopa County, Arizona, and release the bonds posted by Plaintiff and Defendant in connection with that order; and (c) enter judgment upon Mr. Kopelman's counterclaim, because no such judgment has entered and the Judgment therefore is not final.

Rule 62(b)(3) provides:  "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions:  .  .  .  (3) under Rule 59 . . . to alter or amend a judgment."

In exercising its discretion to stay enforcement of a judgment pending a post-trial motion, a federal court may consider whether the defendant has a likelihood of success on the merits of its post-trial motion, whether the defendant will be irreparably injured absent a stay, whether granting the stay will substantially injure the plaintiff, and whether the public interest will be served by granting the stay.  *Johnston v. Sch. Dist. of Phila.*, 2006 U.S. Dist. LEXIS 9168, *3, 97 (E.D. Pa. 2006); *United States v. Moyer*, 2008 U.S. Dist. LEXIS 63995, *16 (N.D. Cal. 2008).

In this case, there is a reasonable likelihood that Mr. Kopelman will prevail on his Motion to Amend the Judgment.  As set forth in that Motion, the evidence at trial clearly demonstrated that Plaintiff's agents committed a fraud upon the Court in connection with the "PF13 Entertainment Group" invoice for flame retardant.  Plaintiff did not even attempt to rebut or explain the trial evidence in this regard.  The jury did not decide and was not required to decide whether Plaintiff committed a fraud upon the Court.  Only the Court can rule on the merits of this vitally important issue, but the Court has not yet done so.

Mr. Kopelman may be irreparably injured absent a stay, because Plaintiff potentially could collect upon the current Judgment while it is subject to ongoing review; and Mr. Kopelman may be unable to recover his funds from Plaintiff after the Judgment is set aside. A stay is necessary to ensure that Plaintiff does not profit from its fraud upon the Court and then leave Mr. Kopelman with no adequate means to recover the monies wrongfully obtained by Plaintiff.

A stay will not substantially injure Plaintiff because Mr. Kopelman is willing and able to forthwith post a bond in an amount set by the Court to cover the principal amount of the verdict, interest thereon, and costs.  Indeed, Plaintiff's ability to recover upon the Judgment – if it is not set aside – is enhanced by Mr. Kopelman's posting of a bond.

The public interest will be advanced by the stay because it will give the Court an opportunity to act methodically, afford due process to all concerned, and protect the dignity of the Court and the integrity of the judicial process.  Public policy would be undermined if Plaintiff was allowed to collect upon a Judgment that is later set aside due to Plaintiff's fraud upon the Court.

The 14-day automatic stay of execution of the Judgment under Rule 62(a) will expire on July 10, 2017.  In order to minimize any gap in the stay, during which Plaintiff might attempt to execute upon the Judgment while the Motion to Amend remains pending, Mr. Kopelman requests the Court to expedite any briefing and determination of this Motion. It would be regrettable if Plaintiff were to succeed in quickly collecting upon the Judgment, only to have the Judgment set aside, and then leave Mr. Kopelman unable to recover the sums that Plaintiff has unjustly received.

WHEREFORE, Mr. Kopelman requests the Court to stay enforcement of the Final Judgment entered on June 26, 2017, pending resolution of Mr. Kopelman's Motion to Amend Judgment, and subject to Mr. Kopelman posting a bond in such amount as the Court deems just.

Dated this 5th day of July, 2017.

RYLEY CARLOCK & APPLEWHITE

*By:  /s/ F. Brittin Clayton III*
1700 Lincoln Street, Ste. 3500
Denver, CO  80203
Phone:  303-813-7500
E-mail:  bclayton@rcalaw.com

RYLEY CARLOCK & APPLEWHITE

By: */s/ Fredric D. Bellamy*
One North Central Avenue, Suite 1200
Phoenix, Arizona  85004
Phone:  602-440-4800
fbellamy@rcalaw.com

*Attorney for Defendants Steven Kopelman and Rob Zombie's Great American Nightmare d/b/a Haunt Holdings*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of July, 2017, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO STAY JUDGMENT AND REQUEST FOR EXPEDITED DETERMINATION** was filed and served via the Court's ECF system upon:

Daniel D. Williams, Esq.
Darrell M. Daley, Esq.
WILLIAMS & DALEY LLC

*/s/ Ann I. Palius*

4